IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LA PALOMA DEL SOL II LIMITED
PARTNERSHIP, a NEW MEXICO
LIMITED PARTNERSHIP, et al.,

        Plaintiffs,

vs.

        No. Civ. 00-1304 MV/WWD ACE

THE UNITED STATES DEPARTMENT
OF AGRICULTURE, an AGENCY OF
THE U.S. GOVERNMENT, and ANN
VENEMAN, as SECRETARY OF
AGRICULTURE

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Limit Judicial Review to Administrative Record, filed April 3, 2001 **[Doc. No. 8]**. The Court, having reviewed the motion, response, relevant law, and being otherwise fully advised, finds that the motion is well-taken and will be **GRANTED in part.**

### BACKGROUND

Plaintiffs commenced this civil action on September 15, 2000, alleging that Defendants' decision to enforce two Office of the Inspector General (OIG) Audit Recommendations with respect to their multi-family dwelling unit violated their rights to due process and equal protection under the Fourteenth Amendment. Plaintiffs also alleged that Defendants' ruling on this issue was arbitrary and capricious, an abuse of discretion, contrary to constitutional rights, in excess of

statutory jurisdiction, without observance of procedure, and unsupported by substantial evidence or unwarranted by the facts. Defendants now seek an Order limiting judicial review of this matter to the record of the administrative proceedings. Plaintiffs have filed a timely response. Since the filing of their motion, Defendants have lodged the administrative record with the Court.

## ANALYSIS

Judicial review of this action is governed by the Administrative Procedure Act (APA), which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. In reviewing an agency's decision under the APA, this Court acts as an appellate tribunal. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (1994).

Judicial review of an agency action is generally limited to the administrative record. *See Woods Petroleum Corp. v. Dep't of Interior*, 47 F.3d 1032, 1041 (10th Cir. 1995); *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)); *First Nat. Bank & Trust, Wibaux, Mont. v. Department of Treasury, Comptroller of Currency*, 63 F.3d 894, 898 (9th Cir. 1995); *New Mexico Cattle Growers Ass'n v. United States Fish and Wildlife Service*, 81 F.Supp.2d 1141, 1150 (D.N.M. 1999), *rev'd on other grounds, New Mexico Cattle Growers Ass'n v. United States Fish and Wildlife Service*, 248 F.3d 1277 (10th Cir. 2001); *Davis v. Slater*, 148 F.Supp.2d 1195, 1201-02 (D.Utah 2001); *Siera Club v. United States Dep't of Energy*, – F.Supp.2d – , 2001 WL 721112 (D.Colo. 2001) (citing *Olenhouse*, 42 F.3d at 1579-80). Plaintiffs do not dispute this general proposition, nor do they oppose limiting judicial review of the majority of

their claims to the administrative record in this case.  *See* Resp. at 1-2.  Plaintiffs only oppose limiting judicial review to the administrative record with respect to their Equal Protection claim.

There are certain circumstances under which judicial review of an agency's decision is not limited to the administrative record.  The Court of Appeals for the D.C. Circuit has held, for example, that there are eight exceptions to the general rule limiting judicial review to the administrative record: (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.  *See Esch v. Yeutter*, 876 F.2d 976, 991-92 (D.C. Cir.1989) (*cited in Amfac Resorts, L.L.C. v. United States Dep't of the Interior*, 143 F.Supp.2d 7, 12 n.5 (D.D.C. 2001)).  Moreover, this Court has held that a "reviewing court can go outside the administrative record but should consider such evidence relevant to the substantive merits of the agency decision only for the limited purpose of background information or to determine whether the agency considered all the relevant factors." *New Mexico Cattle Growers Ass'n*, 81 F.Supp.2d at 1150, *rev'd on other grounds, New Mexico Cattle Growers Ass'n v. United States Fish and Wildlife Service*, 248 F.3d 1277 (10th Cir. 2001).  Finally, the District of Colorado has noted that evidence outside the administrative record "may be allowed in cases where an agency is being sued for failure to act if the record before the court is insufficient for the court to determine whether the

agency unlawfully withheld compliance with a statutory mandate." *Sierra Club v. United States Dep't of Energy*, 26 F.Supp.2d 1268, 1271 (D.Colo. 1998) (citing *Esch*, 876 F.2d at 991). That court went on to note that a court "might review the legislative history of the statutes in question, other indications of agency policy preferences, and past conduct of the agency, to determine whether an agency unlawfully withheld action required by law." *Id.* (citing Peter H.A. Lehner, Note, Judicial Review of Administrative Inaction, 83 Colum.L.Rev. 627, 685 (1983)).

In *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the Supreme Court explained that its prior case law has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564 (citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336 (1989)). The Court explained further that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* (internal quotations omitted). This is precisely the nature of the Equal Protection claim advanced by Plaintiffs. Furthermore, the Court agrees that it may be necessary to look outside the administrative record in order to evaluate the agency's treatment of others who are similarly situated to Plaintiffs. Accordingly, the Court will order that judicial review of the agency's action in this case be limited to the administrative record with respect to all of Plaintiffs' claims other than Plaintiffs' claim that they are being intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Limit Judicial Review to Administrative Record is hereby **GRANTED in part**.  Plaintiffs shall be permitted to conduct discovery, and to present evidence outside the administrative record, only with respect to their claim that they are being intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  Plaintiffs' ability to conduct discovery shall be limited to the types of evidence listed in their Respose to Defendants' Motion; specifically, Plaintiffs shall be permitted to discover: agency documents which identify third party entities who are subject to the two requirements imposed upon Plaintiffs; agency records or documents which might provide evidence of how those requirements or rules were interpreted when applied to the 'similarly situated' third parties; agency records or documents which might provide evidence of how the agency enforced those rules or requirements against the 'similarly situated' third parties; and interviews or depositions with specified agency personnel having knowledge of how the rules or requirements which were allegedly violated by Plaintiffs were applied or enforced against 'similar situated' third parties.  Plaintiffs shall be permitted to conduct discovery beyond these limitations only upon a showing of good cause.

                                                MARTHA VAZQUEZ
                                                UNITED STATES DISTRICT JUDGE

Plaintiffs' Attorney
       Martin Lopez, III

Defendant's Attorney
       Barbara A. Patterson

5